Mark Isenberg for plaintiff and appellant. Good morning. May it please the court. It's clear that there is no federal jurisdiction over the claims that have been asserted in this case and that this case should never have been removed. If the court looks back historically to how we arrived in the federal court, you'll find that there was a lawsuit filed by Lewis Webb, the grandfather of my client, in the Riverside Superior Court on March 12, 2008. In that particular complaint, Lewis Webb alleged only state court causes of action against defendant Twin Palms Aviation, Inc. At that time, Desert Bermuda was not a party to the lawsuit. Defendant Twin Palms removed the case on April 28, 2008, to the court, asserting complete preemption of the FAA over the plaintiff's state law claims. On December 19, 2008, the district court, by and through Judge Stephen Lawson, now retired, denied Lewis Webb's motion to remand on the grounds that the FAA completely preempted plaintiff's state law claims, even though the court, through Judge Lawson, acknowledged that some of plaintiff's state law claims, and we're speaking of plaintiff Lewis Webb, might not be completely preempted. This is a ruling that was published. The site is Westlaw 2008-538-1225, dated December 19, 2008. Michael Webb's lawsuit was filed thereafter in the Indio branch of the Riverside Superior Court, and Twin Palms sought to At that point, it would have been futile for Michael Webb to seek remand, as Judge Lawson had already determined that the case was properly before the federal court. Subsequent to these events, Michael Webb, as a plaintiff now in the federal case, amended his complaint and added Desert Bermuda Development Corporation as a defendant. It's curious that we're client nor Mr. Griffith's client, Desert Bermuda, were parties to the removal or remand proceedings, but we were both in federal court. The district court ruling of December 19, 2008, denying plaintiff Lewis Webb's motion for remand was clearly erroneous and should be reversed and disapproved. As shown by the briefing submitted by my client, the FAA does not completely preempt his state law premises liability claim against Desert Bermuda Development Company. And I remind the court that my client's complaint is one solely for state law causes of action, common law and otherwise, for premises liability. The defendant always has the burden of establishing that removal was proper. And as I mentioned, Mr. Griffith and his clients were not party to the removal. We were victims of the removal. The district court acknowledged that not all of Lewis Webb's claims might be preempted, but decided there was a, quote, inextricably intertwined notion with federal preempted areas and therefore accepted the removal. If you could expand a little bit on the case of the Moore-Thompson v. Alaska Airlines. What does that tell us with respect to this case and whether the complete preemption doctrine is applicable here? Well, the Moore-Thompson case spoke to the RLA, which is a little different than the FAA. My reading of the FAA is that there is a savings clause which is to be distinguished from the RLA where there is no savings clause. So in the Moore-Thomas case, removal was deemed proper and there was complete preemption, and hence the case was properly before the federal court. In this particular case, there is no complete preemption because of the savings clause within the FAA. And while there may be ordinary preemption to some extent, truthfully this is a case that is not required to be in federal court and should be remanded to the state court. In light of Moore-Thomas, federal courts don't have jurisdiction over my client's state law premises claim merely because there may be a defense involving federal aviation regulations. Again, the FAA's savings clause in and of itself establishes that state law negligence claims which may be ultimately involved a subject matter intertwined with federal aviation regulations are still not subject to complete preemption. And that's the distinction between the Thomas or Moore-Thomas case in this case, as I see it. Do we have jurisdiction based on the significant interests involved here? I don't see it as such. Tell me why. I don't see that the claims asserted by my client relate to any regulations, although it's been argued by Mr. Griffith and his client that certain FARs have applicability about a licensed pilot in a case who was flying while intoxicated. The plaintiff's theory, although somewhat twisted through the appeal, is actually that because we're dealing with an intoxicated individual who was coming on premises who could perceivably cause harm, that that harm should have been guarded against and they had actual knowledge of it. So we're talking about purely Rowland versus Christensen type analyses here versus any analyses as Mr. Griffith would have it under the FARs. So as I see it, the question – So when the facts are we have an intoxicated pilot. Yes. That's undisputed or is that in dispute? It is not disputed. He was intoxicated with a blood alcohol of three times the legal limit for operating a motor vehicle. Caused a crash of the airplane, correct? He was the pilot in control, yes. And so in those situations, there's not enough interest for there to be federal jurisdiction? Not that I see because the allegations of this particular complaint don't relate so much to the act of flying itself, but rather the act of allowing this person onto the premises so as to fly in the second instance. And we believe that this is a case where in the first instance there should have been actions taken under common law for purposes of precluding this individual from getting to the point of flying. On behalf of my client, I would ask that this court consider vacating Judge Larson's order of December 19, 2008 and remanding this matter back to the district court with an order that it be remanded to state court for further proceedings for want or lack of federal jurisdiction. In addition, because this issue has come up in other cases and there is no clear statement of the law as respects the FAA and removal, I would ask that this court consider issuing a public or rather a published opinion holding once and for all that state law claims potentially involving regulations promulgated under the FAA involve at most only ordinary preemption and do not confer federal question jurisdiction. With that, Your Honors, I would submit. Thank you, counsel. Good morning. Doug Griffith on behalf of Apelli Desert Bermuda Development Company. May it please the court, the basis for the district judge's determination, Judge Larson's determination that removal was proper was that there exists complete preemption for removal purposes when there are federal standards that are pervasive in the area that the complaint pertains to and there are remedies provided by that same regulatory scheme, even if those remedies are not the exclusive remedy. Judge Larson was very careful to point out that even though under Montalvo and Martin and Abdullah, a plaintiff is still free to pursue state law remedies for the violation of federal standards, that does not mean that preemption is not complete because in the case of the preemption posed by the Federal Aviation Act, those regulations still serve as a gatekeeper for the plaintiff's claims. In other words, a plaintiff cannot pursue those state law remedies for negligence involving aviation safety until first he or she can establish that there is an applicable federal aviation regulation and that that regulation has been violated in such a way as to apply. Well, what is it here? It's Part 61, right? Is that what we're talking about? No, Your Honor. Part 61 pertains to flight schools insofar as my client, Desert Bermuda Development Company, goes, the operator of the airport. The regulations would be FAR Part 91.13 and 17. Right. So how is that field preempt? The FARs preempt a state common law premises liability claim or the intoxication issue and the knowledge of that. Because, Your Honor, even though the state law claim is couched as one in premises liability, the underlying basis for that premises liability would be the fact that a pilot or flight instructor, in this case, was flying or providing flight instruction under the influence of alcohol. That is still the conduct that the CREB is charging my client with having been responsible to prevent. So it still comes down to that fundamental conduct of pilot incompetence, pilot medical qualifications that the FARs pervasively deal with that Webb is holding my client accountable to. Well, why isn't it just evidence of the standard of care that you can't fly airplanes when you have a .31 blood alcohol? And that's in the FARs. It's four hours or eight hours ahead of time. It has to be .04, I think, or .004. Why isn't that just evidence of the standard of care as opposed to preempting the entire field? Judge Larson's rationale, which I, on behalf of my client, adopt, was that the Federal Aviation Regulations don't just set forth the standards of care. They also set forth an elaborate scheme for enforcement or remedies. Not tort remedies, but remedies under the Administrative Procedures Act whereby the FAA can pursue fines, penalties against violators. They can take away licenses. They can deny licenses. There are petitioning procedures that aggrieved members of the aviation community can pursue in order to get a license. So there are standards and there are remedies. They're just not the exclusive remedies. And Judge Larson's rationale is that when there are standards and remedies, albeit not exclusive remedies, and those standards form a gatekeeper role such that the plaintiff has to meet, has to establish the violation of one of those standards, that is still complete preemption such that the State claims arise under Federal law. Reconcile this with the Moore-Thomas v. Alaska Airlines. I mean, it seems that statute would need to provide a Federal cause of action, and I'm still having trouble seeing that. I want to make sure I understand your position. Sure. In Moore-Thomas, the court concluded that there was not complete preemption because even though standards were articulated under the Railway Labor Act, it did not provide the exclusive remedy because, first, a plaintiff had to go through certain internal administrative procedures before they could pursue the Federal claim. Our position is that the Federal aviation regulations go farther than that because of this gatekeeper role. It must provide the exclusive cause of action. Isn't that what Moore-Thomas says? I think that's a fair reading of Moore-Thomas, is that it says there has to be, in order for there to be complete preemption, there has to be exclusivity of the cause of action provided under the Federal regulatory scheme. Well, isn't preemption a defense? I mean, that's what you anticipate. How can it be a basis for removal? The Supreme Court has said that a case may not be removed to Federal court on the basis of a Federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint and even if both parties admit that the defense is only a question truly at issue in the case. Your Honor, in a case like this, even though the complaint pleads State causes of action, the complaint does mention specific Federal aviation regulations, but we certainly don't contend that the fact that a complaint pleads a violation of Federal aviation regulations creates a Federal cause of action. But on the four corners of the complaint, it can be read into it that this Federal preemption issue is going to arise because there is going to be a need to determine whether Federal aviation regulations preempt aviation safety so as to create Federal jurisdiction. But what's the basis for subject matter jurisdiction? The basis would be the substantial Federal question that is posed when a plaintiff is trying to pursue a State law cause of action based on an area that's pervasively regulated, aviation safety, pilot conduct, pilot competence, pilot medical qualifications to fly. The merits of this case are all about whether these claims are Federally preempted, and that would be the substantial Federal question that is posed by the complaint. So are you talking about the significant Federal issues or are you talking about the statute? I'm talking about the doctrine whereby there is original jurisdiction if the complaint poses a substantial Federal question. Does that answer Your Honor's question? Well. What's your comment on Gill Strap? Your Honor, Gill Strap reiterates prior Ninth Circuit determinations that the Federal aviation regulations effectuate field preemption of aviation safety but do leave a plaintiff free to pursue State court legal remedies. And that is not inconsistent with the position that's been taken by Desert Bermuda. The question is whether under the Federal aviation regulations the fact that a plaintiff has to resort to those regulations and establish a violation of them goes beyond simply field preemption and effectuates complete preemption. The Desert Bermuda's position is not, I don't believe, inconsistent at all with Gill Strap. And in fact, the merits of our position on appeal reiterate Gill Strap in its holding that the Federal aviation regulations field preemption of aviation safety. So you're saying that under Gill Strap, there is or isn't field preemption? There is field preemption under Gill Strap. Gill Strap reiterates Montalvo and Martin's determination. So Gill Strap says that even where there are pervasive Federal regulations, the scope of field preemption extends only to the standards of care. And local law still governs the other negligence elements. Correct, Your Honor. So if there's field preemption, you think it may govern the other standards of care other than, I mean, the other elements other than standards of care? My understanding, Your Honor, is that field preemption is used to mean a different thing than complete preemption. By field preemption, my understanding is the opinion simply means that the entire field of aviation safety and standards of care within aviation safety are preempted, but that the Court isn't trying to address the question of whether there is complete preemption. So you're saying there is complete preemption but not field preemption? That's my understanding, Your Honor, is that they're different. Complete preemption, at least it's my understanding, arises only in extraordinary situations. I think the Supreme Court has only ever found three statutes that fall within that complete preemption doctrine. But you're saying this falls within complete preemption? That's correct, Your Honor. All right. If there are no further questions, I submit. Thank you, Your Honor. Thank you. Your Honors, I don't believe that Mr. Griffith, on behalf of his client, has evidenced any support for the notion of. I can't hear you. Would you speak up a little? I don't believe that Mr. Griffith has put forth supporting authority for the notion or idea of complete preemption in this case. Based upon that, I would ask that this Court vacate the order granting summary judgment in favor of his client and against my client, remand this matter back with orders that it be sent to the State Court. And as I had previously indicated, to the extent the Court is willing to give guidance to those of us who work in this field, issue an opinion on this particular issue as to complete preemption and the viability of State court actions in the face of component FAA claims. Thank you. How do you read Gilstrap as it relates to your claim? I submitted additional briefing on that at the Court's request. I don't have anything further to add without repeating myself on that. Why don't you summarize? I'm sorry. Why don't you just briefly summarize? Or repeat yourself. That's all right. It wouldn't be a novel experience for us. I think in a reading of Gilstrap, the Court would find that my client's State law apprentice's liability claim against this airport operator is that the airport    operator is not preempted by the FAA because the field of airport premises liability is not pervasively regulated. And we're talking now about the operation of the airport versus flight instructors and pilots and the regulations applicable to them. Nor is this area of conflict preempted because ensuring the safety and security of airport premises invitees is fully consistent with the safety objectives of the FAA. So I don't think that Gilstrap affords Mr. Griffith or his client the type of relief he seeks in terms of finding preemption in this case. Thank you, counsel. Thank you, Officer. The case is here again will be submitted.
judges: Molloy, Reinhardt, Murguia